ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL 12 AM 8:12

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARIO ALBERTO DUQUE SALINAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-52 |
| ) | |
| MICHAEL PUGH, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under Title 28, United States Code, Section 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court recommends that the petition be **DISMISSED** without prejudice, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

### I. BACKGROUND

Petitioner is incarcerated pursuant to a fifteen-month sentence of imprisonment in a

---

[1] Inasmuch as petitioner seeks release from confinement at MCF, the proper party respondent in this action should be petitioner's immediate custodian, in this case Michael Pugh, Warden at MCF. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to substitute "Michael Pugh, Warden" for the government as the party respondent in this case.

federal court.[2] He is not an American citizen, and the Bureau of Immigration and Customs Enforcement has issued a detainer on petitioner, which, according to petitioner, will culminate in deportation proceedings at the conclusion of his prison sentence.

After his sentencing hearing, the Bureau of Prisons ("BOP") assigned petitioner to MCF.[3] Petitioner asserts in his Section 2241 petition that he was assigned to MCF because of his alienage, and that a "diversity of conditions" exists between MCF and any other federal correctional facility to which he might have been assigned. Specifically, petitioner claims that, at MCF, he is not allowed to participate in a Residential Drug Abuse Treatment Program, to take part in work programs available at other BOP institutions, to benefit from vocational education opportunities, or to be placed in a Community Corrections Center. Petitioner urges the Court to reduce his sentence.

## II. DISCUSSION

Petitioner's Section 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his plea for a sentence reduction, petitioner challenges the conditions and circumstances of his confinement at MCF. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.),

---

[2]Petitioner is due to be released on November 18, 2006.

[3]MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the BOP.

2

revised by 596 F.2d 658 (5th Cir. 1979).[4] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a Section 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which Section 2241 relief may be granted.

The Court also notes that petitioner has not exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam). While petitioner asserts that any effort to exhaust his administrative remedies would be futile, the Eleventh Circuit has held that such perceived futility does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. E.g.,

---

[4] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Higgenbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000).[5] Petitioner also has not made an adequate showing of futility in this case.[6] Thus, even if petitioner had brought the instant claims in a Bivens complaint or if his claims were cognizable under Section 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies through the MCF grievance procedures.[7]

---

[5] While the Eleventh Circuit has not explicitly ruled that the futility exception is inapplicable to habeas petitions, petitioner in this case has not shown the sort of extraordinary circumstances or patent futility in pursuing administrative relief that would excuse exhaustion even if the futility exception were applicable. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); see also Jaimes v. United States, No. 05-14514, 168 Fed. Appx. 356, 359, 2006 WL 387440, at *2 (11th Cir. Feb. 21, 2006) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable).

[6] Documents accompanying the petition in this case illustrate that avenues for administrative relief are available to prisoners at MCF. Petitioner nevertheless has chosen not to avail himself of such administrative relief.

[7] Even if petitioner had exhausted his administrative remedies before filing under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Holly v. Scott, 434 F.3d 287, 289 (4th Cir.) (quoting Bivens, 403 U.S. at 389), cert. denied, 2006 WL 993718 (U.S. May 30, 2006) (holding that prisoner in private federal facility not entitled to Bivens relief when adequate state remedies available).

Petitioner's claims also appear to lack merit on their face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); no constitutionally protected interest in participating in "UNICOR" work assignments, Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999). Because petitioner's claims are not cognizable in a Section 2241 petition and because he has not exhausted his administrative remedies, however, the Court need not reach the substance of his petition.

## III. CONCLUSION

For the reasons set forth above, the Court recommends that the petition be **DISMISSED** without prejudice, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED and RECOMMENDED this 12th day of July, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE